**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CYDNEE LYN HARDISON,<br><br>        Plaintiff-Appellant,<br><br>   v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>        Defendant-Appellee. | No.   15-55317<br><br>D.C. No.<br>3:14-cv-00161-MMA-DHB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted July 20, 2017[**]

Before:      GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Cyndee Lyn Hardison appeals the district court's judgment in favor of the

Commissioner of Social Security affirming the administrative law judge's ("ALJ")

denial of Hardison's application for supplemental security income under Title XVI

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we vacate and remand for further proceedings.

Hardison contends that she was disadvantaged by the Commissioner's initial failure to include in the administrative record filed in the district court the transcript from her July 26, 2011 hearing before the ALJ. We reject this contention because Hardison has not identified any way in which her substantial rights were affected by the Commissioner's delay in producing the transcript. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his 'substantial rights,' which is to say, not merely his procedural rights.").

Hardison has not waived her right to challenge the ALJ's adverse credibility finding in connection with her claim for benefits prior to attaining age 18. Hardison's challenge to the ALJ's adverse credibility finding before the district court encompassed her claims for benefits as a child and as an adult. The ALJ's adverse credibility finding was made in the context of the residual functional capacity ("RFC") assessment, which is relevant only to the adult disability determination. The ALJ relied on findings from the adult determination in the course of addressing Hardison's eligibility for childhood benefits.

2

The ALJ failed to provide specific, clear and convincing reasons supported by substantial evidence for finding Hardison's symptom testimony less than fully credible. *See Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ neither made specific findings nor pointed to any record evidence to support his conclusion that Hardison's daily activities were "transferable" to a work setting or that she spent a "substantial" part of any day engaged in transferrable skills. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Second, Hardison's travel as a minor, accompanied by one or both parents, falls short of the type of extended, independent travel that supports a reasonable inference that a claimant's symptom testimony is not credible. *Cf. Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (affirming adverse credibility determination based on the claimant's "ability to travel to Venezuela for an extended time to care for an ailing sister"). Third, the ALJ erred in discounting Hardison's credibility on account of her cancellation of or failure to show up for three appointments with her psychologist in May, June, and July 2009. The record contains a notation from the doctor's office indicating that Hardison's mother had called to cancel the May 18, 2009 appointment and had requested that the appointment be rescheduled. The two apparently unexplained cancellations or missing of appointments when Hardison was 16 years old fall short of reflecting a meaningful gap in, or failure to pursue recommended,

3

treatment over the course of the relevant period. *See Orn*, 495 F.3d at 638. Fourth, because Hardison's mother reported greater limitations than did Hardison, the inconsistencies between the Hardison's testimony and her mother's testimony do not support a finding that Hardison was not credible. Fifth, the ALJ's statement that "the objective medical evidence does not support the alleged severity of symptoms" includes no analysis of how or why Hardison's symptom testimony was inconsistent with the objective medical evidence, and the ALJ's decision does not otherwise discuss any link between the objective medical evidence and the conclusion that Hardison's symptom testimony was less than fully credible. *See Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring that an ALJ support an adverse credibility determination "with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony").

Although the ALJ's adverse credibility determination lacks the requisite specificity and clarity, it is not clear from the administrative record that the ALJ would be required to award benefits if Hardison's symptom testimony were credited and the conflicting medical evidence were re-evaluated under both the childhood and adult disability standards. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) ("Where there is conflicting evidence,

and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate.").  Accordingly, we remand for further proceedings.

Each party shall bear its own costs.

**VACATED and REMANDED.**